ORAN HERSHBERGER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hershberger v. Commissioner
Docket No. 29354-82.
United States Tax Court
T.C. Memo 1984-10; 1984 Tax Ct. Memo LEXIS 666; 47 T.C.M. (CCH) 844; T.C.M. (RIA) 84010; January 4, 1984. *666 Held: (1) Respondent's motion for summary judgment is granted as to the deficiencies and additions to tax under sec. 6654(a), I.R.C. 1954. Rule 121(a), Tax Court Rules of Practice and Procedure.
(2) Additions to tax are imposed under sec. 6653(b) (fraud), I.R.C. 1954. Doncaster v. Commissioner,77 T.C. 334 (1981). Grant A. Wolfe, for the respondent. CHABOT
MEMORANDUM OPINION CHABOT, Judge: Respondent determined deficiencies in Federal individual income tax and additions to tax under sections 6653(b) [1] (fraud) and 6654(a) (estimated tax) against petitioner as follows: Addition to Tax
Year
Deficiency
Sec. 6653(b)
Sec. 6654(a)
1975
$886.00
$443.00
$38.20
1976
1,121.00
560.50
41.75
1977
1,002.00
501.00
35.69
1978
7,309.03
3,654.52
194.93
1979
1,247.00
623.50
51.96
1980
581.00
290.50
37.09
*667 Respondent moved under Rule 121(a)[2] for summary judgment as to the deficiencies and additions to tax in the instant case.After this motion was filed, the Court, by a letter dated September 13, 1983, urged petitioner to cooperate in arranging a telephone conference call to discuss the status of the instant case in advance of the trial session. On October 27, 1983, four days before the trial session was to begin, petitioner filed a motion for summary judgment "based upon the [ground] that petitioner is not identified at law as a juristic person under the Income Tax Laws". This motion was denied, as were petitioner's previous motions to dismiss. Petitioner failed to respond to the Court's letter. The instant case was set for trial at the October 31, 1983, Cleveland, Ohio, trial session. Petitioner failed to appear at the calendar call for this session, and failed to appear the next day, when the instant case was recalled. *668 Respondent's motion is granted as to the deficiencies and additions to tax under section 6654(a), and the case is submitted as to the additions to tax under section 6653(b). The issue for decision is whether petitioner is liable for the addition to tax under section 6653(b) for each of the years in issue. When the petition in the instant case was filed, petitioner resided in or near Dundee, Ohio. On May 9, 1983, respondent moved, under Rule 37(c), that the undenied allegations in paragraph 7 of his answer be deemed admitted. This motion was granted by order dated June 8, 1983. On July 22, 1973, petitioner sold to his daughter and son-in-law the assets of the business that petitioner had been operating for about five years as a sole proprietorship. The sale was made on an installment basis, with interest to be paid quarterly. On or about January 1, 1978, the terms of payment including the interest rate, were renegotiated. During the years in issue, petitioner received interest on account of this 1973 sale (or the 1978 renegotiation), in the amounts set forth in table 1. Table 1
Year
Interest
1975
$ 6,856.94
1976
8,439.95
1977
4,961.35
1978
8,034.60
1979
9,487.57
1980
6,253.60
$44,034.01
*669 On or about December 23, 1976, petitioner sold a tract of land on an installment basis, with interest required to be paid. In 1978, the terms of payment were renegotiated, and the buyer paid petitioner in full for the land. During the years in issue, petitioner received long-term capital gain and interest on account of this 1976 sale (or the 1978 renegotiation) in the amounts set forth in table 2. Table 2
Year
Long-Term Capital Gain
Interest
1977
$ 2,457.39
$1,719.02
1978
26,040.44
1,443.09
$28,497.83
$3,162.11
Petitioner did not file Federal individual income tax returns for any of the years 1975 through 1980. Petitioner's failure to report the above-noted interest income (for each of the years 1975 through 1980) and capital gain income (for 1977 and 1978) was fraudulent and with intent to evade tax. These omissions resulted in underpayments of income tax for each of the years in issue. His failure to pay his income tax liabilities for each of the years 1975 through 1980 was fraudulent and with intent to evade tax. As to the additions to tax under section 6653(b) [3], respondent bears the burden of proving by clear and convincing evidence *670 that petitioner has an underpayment for each of the years in issue, and that some part of each such underpayment is due to fraud. Section 7454(a) [4] ; Rule 142(b); e.g., Stone v. Commissioner,56 T.C. 213, 220 (1971); Otsuki v. Commissioner,53 T.C. 96, 105 (1969). Fraud is an actual intentional wrongdoing, and the intent *671 required is the specific purpose to evade a tax believed to be owing. E.g., Webb v. Commissioner,394 F.2d 366, 377 (CA5 1968), affg. a Memorandum Opinion of this Court; [5]Powell v. Granquist,252 F.2d 56, 60 (CA9 1958); Estate of Pittard v. Commissioner,69 T.C. 391, 400 (1977); McGee v. Commissioner,61 T.C. 249, 256-257 (1973), affd. 519 F.2d 1121 (CA5 1975). This intent may be inferred from circumstantial evidence ( Powell v. Granquist,252 F.2d at 61; Gajewski v. Commissioner,67 T.C. 181, 200 (1976), affd. without published opinion 578 F.2d 1383 (CA8 1978)), and by deemed admissions ( Doncaster v. Commissioner,77 T.C. 334, 337 (1981)). As to the existence of an underpayment for each of the years in issue, we conclude (and we have found) that respondent has proven this fact, based on the facts deemed admitted under Rule 37(c). As to the existence of fraud as to some part of each such underpayment, we conclude (and we have found), following Doncaster v. Commissioner,supra, *672 that the facts deemed admitted under Rule 37(c) establish the existence of such fraud in each of the years in issue. We hold for respondent. [6]
An appropriate order granting respondent's motion under Rule 121(a) will be issued, and decision will be entered for respondent.
Footnotes
1. Unless indicated otherwise, all section references are to sections of the Internal Revenue Code of 1954 as in effect for the years in issue.↩
2. Unless indicated otherwise, all Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. SEC. 6653. FAILURE TO PAY TAX. * * * (b) Fraud.--If any part of any underpayment (as defined in subsection (c)) of tax required to be shown on a return is due to fraud, there shall be added to the tax an amount equal to 50 percent of the underpayment. * * * [The subsequent amendment of this provision by section 325(a) of the Tax Equity and Fiscal Responsibility Act of 1982, Pub. L. 97-248, 96 Stat. 324, 616, does not affect the instant case.] ↩
4. SEC. 7454. BURDEN OF PROOF IN FRAUD, FOUNDATION MANAGER, AND TRANSFEREE CASES. (a) Fraud.--In any proceeding involving the issue whether the petitioner has been guilty of fraud with intent to evade tax, the burden of proof in respect of such issue shall be upon the Secretary. [This language reflects a 1976 amendment which does not affect the instant case.]↩
5. T.C. Memo. 1966-81↩.
6. As to 1973 and 1974, see Hershberger v. Commissioner,T.C. Memo. 1983-447↩.